*674
 
 GERSTEN, J.
 

 Maria Gagliardo (“the writer”) appeals from a non-final order, restricting distribution of information relating to In Re the Matter of the Branam Children (“the children”). We reverse.
 

 After the children’s parents disappeared at sea, their story garnered international media coverage. The writer, the children’s great grandfather’s companion, who considers herself family, wants to write a book about her life with the children and their parents’ disappearance.
 

 Following the parents’ disappearance, several relatives petitioned for the children’s custody. After a hearing, the trial court awarded temporary custody to an aunt. The trial court, however, awarded the remaining relatives, including the writer, access to the children.
 

 Thereafter, the aunt moved to clarify her rights and requested an order protecting the children’s privacy. At the hearing on the motion, the writer informed the trial judge about her plans to write a book. Thereafter, the trial court entered an order restricting all family members and the writer from distributing: (1) any photographs of the children, (2) information about the children, or (3) information about what has happened to them or to their family. The writer appealed.
 

 On appeal, the winter asserts that the order violated her First Amendment rights to free speech. The children contend their privacy rights were properly protected. At oral argument, the children, however, confessed error on all grounds except public dissemination of unrestricted information about what happened to the children or to their family. We agree with the writer and reverse.
 

 The standard of review for a pri- or restraint, such as this order, is
 
 de novo. See Post-Newsweek Stations Orlando, Inc. v. Guetzloe,
 
 968 So.2d 608, 610 (Fla. 5th DCA 2007). Prior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment rights. As such, prior restraints are presumed unconstitutional. Therefore, only in “exceptional cases,” will the courts consider censorship of publication acceptable.
 
 Guetzloe,
 
 968 So.2d at 610.
 

 We determine that this is not an “exceptional case” that triggers infringement on our precious First Amendment rights. Here, the order enjoined the writer from speaking about or publishing any information relating to the children and/or circumstances surrounding their parents’ widely publicized disappearance at sea. There were no exceptional circumstances present to justify censoring the writer. Thus, the trial court improperly entered this order.
 

 Accordingly, we reverse and remand for the trial court to vacate the portion of the order that restricts the writer’s ability to distribute “information about the children or about what has happened to them or to their family.”
 

 Reversed and remanded with instructions.